UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

ALICIA ARMAS,
*individually and on behalf of all
others similarly situated*,

        Plaintiff,

v.

PELOTON INTERACTIVE, INC.,

        Defendant.
_____/

## NOTICE OF REMOVAL

**TO THE COURT AND THE PARTIES:**

**PLEASE TAKE NOTICE THAT,** Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, defendant Peloton Interactive, Inc. ("Peloton") removes to this Court the State Court Action described below.

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiff originally filed claims against Peloton in this Court, but after months of litigating, voluntarily dismissed that case to avoid a ruling on Peloton's then-pending second motion to dismiss. She immediately turned around and filed **identical causes of action** in Florida state court. Plaintiff is blatantly forum shopping, wasting judicial resources, and causing real prejudice to Peloton. The operative complaint being removed is the **fifth** actual or proposed complaint filed by Plaintiff against Peloton based on the same underlying facts and circumstances, none of which has changed since Plaintiff first commenced her action against Peloton in June 2025.

1

Plaintiff originally filed a one-count complaint under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") in this Court, which Peloton moved to dismiss. Rather than respond to the motion to dismiss, Plaintiff filed an amended, four-count complaint that restated the original, defective TCPA count and added another TCPA count and two counts under the Florida Telephone Solicitation Act § 501.059, Fla. Stat. (the "FTSA"). Again, Peloton moved to dismiss the amended complaint. Plaintiff filed a response to that motion, and simultaneously filed a separate motion for leave to file a second amended complaint solely to add a third TCPA count. After Peloton replied in support of the pending motion to dismiss and responded to the motion for leave to amend, Plaintiff unilaterally dismissed the federal action without prejudice. Plaintiff did not consult with Peloton before filing the notice of dismissal. Plaintiff proceeded to re-file the FTSA counts in a new suit in Florida state court, then amended that complaint to add the same TCPA counts from the amended complaint in the original federal action. The amended Florida state court complaint being removed is in all material respects identical to the amended federal court complaint that Plaintiff dismissed and includes identical causes of action. Plaintiff's self-serving litigation tactics continue to cause unnecessary waste of the courts' and Peloton's time and resources.

### A. **Original Federal Action**

1. On June 30, 2025, Plaintiff filed a purported class action complaint in the United States District Court for the Southern District of Florida, asserting a single count under Section 227(c) of the TCPA, related to the alleged receipt of marketing text messages from Peloton.

2. The case was captioned *Alicia Armas, individually and on behalf of all others similarly situated, v. Peloton Interactive, Inc.* Case No. 0:25-cv-61310-AHS, and was assigned to the Honorable Raag Singhal (the "Original Federal Action"). *See* Case No. 0:25-cv-61310-AHS,

D.E. 3.

3. Peloton filed a motion to dismiss the initial complaint on August 18, 2025, under FRCP 12(b)(6). *See id*. at D.E. 18.

4. A week later, Plaintiff filed her First Amended Complaint, amending her pleading as a matter of course, without notifying Peloton in advance. *See id*. at D.E. 21.

5. This First Amended Complaint added an additional count under the TCPA and two counts under the FTSA, arising from the same narrative that Plaintiff allegedly received unwanted text messages from Peloton in June 2025.

6. Following a jointly agreed schedule, Peloton moved to dismiss the First Amended Complaint on October 7, 2025. *See id*. at D.E. 36.

7. A week later, on October 14, 2025, Plaintiff filed a motion seeking leave to file a proposed Second Amended Complaint, and attached the proposed pleading to the motion. *See id*. at D.E. 37.

8. On November 4, 2025, Peloton opposed the motion, citing the futility of the amendments in failing to cure the deficiencies present in the First Amended Complaint, and the improper addition of a new putative class. *See id*. at D.E. 44.

9. The parties completed briefing Peloton's motion to dismiss the First Amended Complaint, with Peloton filing its reply on November 4, 2025. *See id.* at D.E. 36, 38, and 43.

10. Two days later, on November 6, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice. *See id*. at D.E. 46.

11. Plaintiff did not consult with or notify Peloton (or the Court) of its intentions to dismiss the case ahead of filing the notice.

**B.      State Court Action**

12.     On November 7, 2025, one day after dismissing her Original Federal Action, Plaintiff commenced a new suit in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, State of Florida ("State Court"), captioned *Alicia Armas, individually and on behalf of all others similarly situated, v. Peloton Interactive, Inc.* Case No. CACE-25-017154 (the "State Court Action").

13.     Plaintiff's initial complaint in State Court asserted only claims under the FTSA ("Complaint").

14.     Plaintiff did not serve Peloton with this first Complaint.

15.     Subsequently, on November 25, 2025, Plaintiff filed a First Amended Class Action Complaint in the State Court, asserting claims under the TCPA (the "Amended State Court Complaint"). ***This Amended State Court Complaint asserts the same causes of action and is nearly identical to the First Amended Complaint filed in the Original Federal Action***. A redline showing the minor differences is attached hereto as **Exhibit A**.

16.     Plaintiff served Peloton with a copy of the Amended State Court Complaint on November 26, 2025. Plaintiff did not serve Peloton with a copy of the Summons. A true and correct copy of the Amended State Court Complaint as served on Peloton is attached as **Exhibit B.** The Amended State Court Complaint attached as **Exhibit B** constitutes all the process, pleadings and orders served upon Peloton in the State Court Action. *See* 28 U.S.C. § 1446(a).

17.     The Amended State Court Complaint asserts two causes of action under the TCPA, seeking statutory damages and an injunction. Am. Compl. ¶¶ 1, 56–78.

18.     In addition, Plaintiff seeks recovery under the FTSA for the same alleged actions. *Id.* ¶¶ 1, 79–97.

19. Plaintiff purports to bring this action on behalf of herself and four purported "classes" of individuals:

   a. TCPA IDNC Class: All persons within the United States who, within the four years prior to the filing of this action, (1) received more than one text message within any 12-month period, (2) regarding Defendant's apparel and/or goods, (3) to said person's residential cellular telephone number, (4) after making a request to Defendant to not receive future text messages by replying with a "stop" or similar opt-out instruction in response to Defendant's text message(s).

   b. TCPA ATDS Class: All persons within the United States who, within the four years prior to the filing of this action, received one or more text messages, sent utilizing the Platform, regarding Defendant's apparel and/or goods, to said person's cellular telephone number, after communicating to Defendant that they did not wish to receive text messages by replying to the messages with a "stop" or similar opt-out instruction.

   c. FTSA "STOP" Class: All persons in Florida who, since July 1, 2021 through the date of class certification, received one or more text messages, regarding Defendant's apparel and/or goods, more than fifteen (15) days after communicating to Defendant that they did not wish to receive text messages by replying to the messages with a "stop" or similar opt-out instruction.

   d. FTSA ATDS Class: All persons in Florida who, since July 1, 2021 through the date of class certification, received one or more text messages, sent utilizing the Platform, regarding Defendant's apparel and/or goods, to said person's cellular telephone number, more than fifteen (15) days after communicating to Defendant

that they did not wish to receive text messages by replying to the messages with a "stop" or similar opt-out instruction.

*Id.* ¶ 45.

## II. BASIS FOR REMOVAL JURISDICTION—FEDERAL QUESTION

20. Removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331.

21. Plaintiff's Amended State Court Complaint asserts claims arising under the TCPA, a law of the United States.

22. The TCPA is a federal statute, and actions alleging violations of it arise under federal law. *See Badgerow v. Walters,* 596 U.S. 1, 7 (2022). Accordingly, this Court has original federal question jurisdiction over this action.

23. This Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise from the exact same nucleus of operative facts as the federal TCPA claims.

## III. BASIS FOR REMOVAL JURISDICTION—CLASS ACTION FAIRNESS ACT

24. Based on the Amended State Court Complaint as pleaded by Plaintiff, the Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), and removal of the State Court Action to this Court is proper, because (a) the action purports to be a "class action," (b) the putative class consists of at least 100 supposed class members, (c) the citizenship of at least one putative class member is different from the citizenship of one defendant, and (d) the aggregate amount in controversy exceeds the sum or value of $5,000,000, exclusive of costs and interest. *See* 28 U.S.C. § 1332(d).[1]

---

[1] Peloton does not concede that the elements of CAFA are satisfied and nothing in this notice, or any other submission to the Court, is intended to, or does, waive or modify Peloton's right to

    **C.**    <u>**Putative Class Action**</u>

25.    CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

26.    Plaintiff alleges that the State Court Action is brought on behalf of four alleged "classes" pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). *See* Am. Compl. ¶ 45.

27.    The case is a "class action" for purposes of removal under CAFA.

    **D.**    <u>**Putative Classes Consist of no Fewer than 100 Members**</u>

28.    Removal under CAFA is appropriate where "the number of members of all proposed plaintiff classes in the aggregate" is not "less than 100." 28 U.S.C. § 1332(d)(5).

29.    Plaintiff alleges that the putative classes described in the Amended State Court Complaint are comprised of "more than 40 consumers belonging to each of the above defined Classes." *See* Am. Compl. ¶ 48.

    **E.**    <u>**Minimal Diversity of Citizenship Exists**</u>

30.    Under CAFA, minimal diversity jurisdiction exists if any member of the purported class is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

31.    Plaintiff resides in Broward County, Florida (Am. Compl. ¶ 6), and upon information and belief, works, owns real property, and is registered to vote in Broward County, Florida. Thus, Plaintiff is domiciled in, and for purposes of removal jurisdiction is a citizen of, the

---

contest any element of jurisdiction, including but not limited to jurisdiction under 28 U.S.C. §§ 1332(d), 1441(a), and 1446 or others, or any statutory exceptions thereto, including the number of class members or the amount in controversy. The relevant inquiry for removal is review of the Plaintiff's pleadings, accepted as true. CITE.

State of Florida.

32. As Plaintiff admits, Peloton is a corporation that is incorporated under the laws of the State of Delaware and that has its principal place of business in New York. *See id.* ¶ 7. For purposes of removal jurisdiction in this action, Peloton is a citizen of the States of Delaware and New York. 28 U.S.C. § 1332(c)(1).

33. Plaintiff does not name any other defendants.

34. Minimal diversity exists because defendant Peloton is not a citizen of the State of Florida and at least one purported class member—namely, Plaintiff—is a citizen of the State of Florida.

**F.  Amount in Controversy Exceeds CAFA Threshold**

35. CAFA requires that the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "[T]he claims of the individual class members shall be aggregated" when determining the matter in controversy. *Id.* § 1332(d)(6).

36. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

37. Plaintiff alleges that "the aggregate damages sustained by the Class are in the millions of dollars." Am. Compl. ¶ 54.

38. Plaintiff alleges that each class member is entitled to damages of at least $500 for each violation asserted in each of the four counts. *See id.* ¶¶ 68, 78, 87, 96.

39. Although Peloton denies all liability to Plaintiff and the putative classes, the Amended State Court Complaint asserts an aggregate amount in controversy in excess of

$5,000,000. Plaintiff alleges that "the aggregate damages sustained by the Class are in the millions of dollars." *See id*. ¶ 54.

## IV.     REMOVAL PROCEDURE

### A.     Removal is Timely

40.     Removal of the action to this Court is timely pursuant to 28 U.S.C. § 1446(b) because Peloton filed the notice of removal within 30 days of Plaintiff serving Peloton with the Amended State Court Complaint on November 26, 2025.

### B.     Venue is Proper

41.     Removal to the United States District Court for the Southern District of Florida is proper because the State Court where the State Court Action was filed is located within the jurisdiction of this District. 28 U.S.C. § 1441(a); 28 U.S.C. § 89(b). The State Court is located in Broward County, Florida, and thus the case is properly assigned to this Court.

### C.     Notice to Plaintiff and State Court

42.     Pursuant to 28 U.S.C. § 1446(d), Peloton is filing written notice of this removal with the State Court concurrently with the filing of this notice, and will serve that notice on Plaintiff. A copy of the notice that Peloton is filing in the State Court is attached as **Exhibit C**.

## V.     CONCLUSION

For the reasons set forth above, the action is removable to this Court pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, and Peloton removes this action from the State Court to the United States District Court for the Southern District of Florida. Thus, Peloton respectfully requests that the Court proceed with the action as if it had been filed originally herein.

| | |
|---|---|
| Dated: December 5, 2025 | Respectfully submitted, |
| | **K&L GATES LLP** |
| | */s/ Jonathan B. Morton* |
| | Jonathan B. Morton |
| | Florida Bar No. 956872 |
| | Mallory M. Cooney |
| | Florida Bar No. 125659 |
| | Jonathan.Morton@klgates.com |
| | Mallory.Cooney@klgates.com |
| | 200 S. Biscayne Boulevard, Ste. 3900 |
| | Miami, FL 33131-2399 |
| | Telephone:   305-539-3300 |

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record on this 5th day of December 2025.

                                                    */s/ Jonathan B. Morton*
                                                    Jonathan B. Morton