**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

ALICIA ARMAS,
*individually and on behalf of all others similarly situated*,

Plaintiff,

v. **Case No. 0:25-cv-62518**

PELOTON INTERACTIVE, INC.,

Defendant.
_______________________________________/

**DEFENDANT PELOTON INTERACTIVE, INC.'S MOTION TO TRANSFER DUPLICATIVE ACTION BACK TO JUDGE SINGHAL FOR FURTHER PROCEEDINGS, INCLUDING CONSIDERATION OF COSTS UNDER FED. R. CIV. P. 41(d), OR, IN THE ALTERNATIVE, TO AWARD COSTS AND STAY PROCEEDINGS PENDING PAYMENT UNDER RULE 41(d)**

Defendant Peloton Interactive, Inc. ("Peloton") respectfully requests that this Court, pursuant to its inherent powers, transfer this duplicative matter back to Judge Singhal for further consideration (which is not opposed by Plaintiff), including to determine whether to reinstate all or portions of the prior duplicative case and whether Peloton is entitled to costs under Rule 41(d). Alternatively, Peloton seeks an order from this Court requiring Plaintiff to pay the attorney's fees and costs incurred in defending the duplicative federal action and to stay this action pending payment pursuant to Rule 41(d). In support of this motion, Peloton states as follows:

## I. INTRODUCTION

Plaintiff Alicia Armas ("Plaintiff") is a serial litigant represented by three of the most prolific law firms in the country, infamous for bringing thousands of Telephone Consumer Protection Act (47 U.S.C. § 227) ("TCPA") litigations, the central claim here. In June 2025, Plaintiff filed baseless text message claims against Peloton but, after months of litigating before Judge Singhal (and several amended complaints), voluntarily and unilaterally dismissed that case

to avoid a ruling on Peloton's then-pending second motion to dismiss in November 2025. As highlighted in Peloton's prior motions in that action, following a change in Supreme Court precedent this summer, two other federal courts in this district have since dismissed similar claims, finding that text messages are outside the scope of the TCPA.

To avoid this district's change in precedent in Peloton's favor, Plaintiff then immediately filed identical causes of action in Florida state court, hoping for a different result in a new forum. Peloton timely removed. The operative complaint (D.E. 1) is the **fifth** actual or proposed complaint filed by Plaintiff, contains the same causes of action as the case that was previously dismissed, and is based on the same underlying facts and circumstances as Plaintiff's original complaint, none of which has changed since Plaintiff first commenced her action. In addition to forcing Peloton to unnecessarily respond to multiple duplicative complaints in the prior action, Plaintiff has now blatantly engaged in forum shopping, prejudicing Peloton's ability to bring this matter to conclusion and wasting judicial and Peloton resources.

The Court should transfer this matter back to Judge Singhal, who can then determine whether to reinstate the prior case and which fees and costs to award Peloton under Rule 41 after consolidation. Rule 41(d) exists for this exact situation: to deter forum shopping and vexatious litigation by requiring plaintiffs who voluntarily dismiss and refile actions to compensate defendants for litigation costs, including attorney's fees where appropriate. Peloton should be reimbursed for the attorney's fees and costs it was forced to incur because of Plaintiff's ongoing litigation tactics, and the Court should "stay the proceedings until the [P]laintiff has complied." FED. R. CIV. P. 41(d)(2).

In addition to avoiding duplication, transfer and an award of costs will also serve as a deterrent to future conduct by plaintiffs: initially choosing federal court; dismissing if they don't

like the assigned judge or there are unfavorable changes in federal precedent; attempting to start again in state court by again asserting federal claims; and upon removal, getting an opportunity to be in front of a new judge and start again. As defendants cannot unilaterally dismiss a case, this is a tactic only available to plaintiffs and is rife for abuse.

Should the Court not be inclined to grant the transfer, Peloton respectfully requests that it consider this Motion and grant the relief under Rule 41. In addition to being the fair and equitable result and serving to deter similar behavior in the future, awarding fees and costs will also serve the fundamental goal that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Original Federal Action

On June 27, 2025, Plaintiff filed a purported class action complaint in the United States District Court for the Southern District of Florida, asserting a single count under Section 227(c) of the TCPA. *See* Case No. 0:25-cv-61310-AHS ("Original Federal Action"),[1] D.E. 3. The claim related to Plaintiff's alleged receipt of unwanted marketing text messages from Peloton after she had previously consented to receive such messages. *See id.* The case was assigned to the Honorable Raag Singhal. *See id.*

Peloton moved to dismiss Plaintiff's initial complaint pursuant to Rule 12(b)(6) because, under 2025 Supreme Court precedent,[2] text messages are outside the scope of her TCPA claim,

---

[1] A copy of the docket in the Original Federal Action is attached hereto as **Exhibit A**.

[2] *See McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 162 (2025) (expressly holding that Courts *are not required* to defer to the FCC's interpretation of the TCPA).

and, therefore, Plaintiff did not have a cause of action. *See id*. at D.E. 18.[3] Plaintiff responded by amending as a matter of right. *See id*. at D.E. 21 (the "First Amended Complaint" or "FAC"). This First Amended Complaint added an additional count under the TCPA and two counts under the Florida Telephone Solicitation Act—Section 501.059, Florida Statutes ("FTSA") —based on the same narrative. Peloton then moved to dismiss the First Amended Complaint on October 7 ("FAC Motion to Dismiss," *see id*., D.E. 36), which Plaintiff opposed on October 20, 2025 (*id.*, D.E. 38).

On October 14, 2025, Plaintiff also filed a separate Motion for Leave to File a Second Amended Complaint based on the same narrative. *See* Original Federal Action, D.E. 37.

On November 4, 2025, Peloton filed: (1) its Reply in Support of its Motion to Dismiss the First Amended Complaint (*id.,* D.E. 43); and (2) its opposition to Plaintiff's Motion for Leave to File the Second Amended Complaint (*id.,* D.E. 44). Peloton opposed the motion for leave because, among other reasons, it was based on the same narrative as the prior complaints and did not cure the issues, which would have necessitated a third motion to dismiss on the same topics that had already been briefed twice without decision.

On November 5, 2025, Plaintiff filed a motion for leave to file a sur-reply regarding Peloton's FAC Motion to Dismiss. Original Federal Action, ("Sur-Reply Request," D.E. 45). In addition to the other recent precedent that dismissed similar TCPA claims based on the change in

[3] Despite not having a viable claim following the change in law, Plaintiff also refused to stay or narrow discovery, serving Peloton with over 17 interrogatories and 34 requests for production, with subparts, on September 10, 2025. *See* Original Federal Action, D.E. 30-2. Plaintiff's first alleged interaction with Peloton texts occurred in March 2025, yet Plaintiff's requests were expansive and incredibly burdensome, seeking information as to all Peloton customers over a four-year time period going back to 2021, including production of all documents identifying every marketing text message sent by Peloton to all customers nationwide over that time period, along with each customer's name, telephone number, and email address. Because of Plaintiff's unwillingness to reduce the scope of her requests, Peloton was forced to file a Motion to Stay or Bifurcate Discovery on September 25, 2025 (*id.*, D.E. 30), which was opposed by Plaintiff the same day. *Id.*, D.E. 31.

Supreme Court precedent, Peloton's reply highlighted an additional Florida District Court that rejected the same theory on October 24, 2025. (Original Federal Action, D.E. 43, discussing *El Sayed v. Naturopathica Holistic Health, Inc. et al.*, No. 8:25-cv-00846-SDM-CPT, 2025 WL 2997759 (M.D. Fla. Oct. 24, 2025), ("*El Sayed* Action")).[4] In the *El Sayed* Action, the plaintiff was represented by the same counsel as is representing Plaintiff in this action and the Original Federal Action; the plaintiff's briefing was a nearly identical cut-and-paste to what Plaintiff's counsel asserted in the Original Federal Action; and the court in the *El Sayed* Action rejected those arguments and granted the motion to dismiss with leave to amend by November 14. Original Federal Action, D.E. 43 at 2, 5, 7; *El Sayed Action*, D.E. 27.[5] Plaintiff's Sur-Reply Request sought to allow her to address "why the *El Sayed* decision was incorrectly decided and should not be followed by this Court." *Id.* at 1-2. The Local Rule 7.1(a)(3) certification confirmed that "Peloton does not object to the request." *Id.* at 2.

Rather than file a sur-reply addressing the merits, Plaintiff decided to employ a procedural maneuver to avoid another unfavorable decision in this district on the scope of the TCPA. **One day later**, on November 6, 2025, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice in the Original Federal Action. *See id.* at D.E. 46. Plaintiff did not consult with or notify Peloton (or the court) of its intentions to dismiss the case ahead of filing the notice—nor did Plaintiff

---

[4] *See* D.E. 18, 36, and 43–44 discussing that Section 227(c) of the TCPA does not apply to text messages and citing cases. *See Jones v. Blackstone Med. Servs., LLC*, No. 1:24-CV-01074-JEH-RLH, 2025 WL 2042764, at *4 (C.D. Ill. July 21, 2025) ("Text messaging was not an available technology in 1991, and thus 'telephone call' [in Section 227(c)] would not have included text messages or SMS messages."); *Davis v. CVS Pharmacy, Inc.,* No. 4:234-cv-477, 2025 WL 2491195, at *4 (N.D. Fla. Aug. 26, 2025) ("To succeed on his [TCPA] § 227(c)(5) [claim], [plaintiff] had to allege that he received at least two 'telephone calls.' He alleged receiving only text messages. And because text messages are not telephone calls, he has not stated a claim."); *El Sayed,* 2025 WL 2997759, at *3 ("the statutory text here is clear, and a text message is not a 'telephone call.'").

[5] A copy of the docket in the *El Sayed* Action is attached as **Exhibit B**.

explain why the dismissal was submitted after (and not before) Peloton was forced to draft and file several substantive briefs.[6]

**B. State Court Action**

On November 7, 2025, **one day after dismissing** her Original Federal Action, Plaintiff commenced a new suit in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, State of Florida. *See* Case No. CACE-25-017154 (the "State Court Action"). Plaintiff did not consult with Peloton prior to filing the State Court Action.[7] Plaintiff also has not provided any justification or excuse for re-commencing a duplicative action in a different forum.

Plaintiff's initial complaint in the State Court Action asserted only state-based claims under the FTSA that were identical to the First Amended Complaint in the Original Federal Action (the operative complaint before voluntary dismissal). *See id.*, D.E. 2. Prior to service of the State Court Action complaint, on November 25, Plaintiff filed a First Amended Class Action Complaint, adding additional claims under the TCPA (the "Amended State Court Complaint"). *See* State Court Action, D.E. 5. This Amended State Court Complaint asserts identical causes of action to the First Amended Complaint filed in the Original Federal Action, pursuant to which there was a fully briefed motion to dismiss pending when Plaintiff filed her notice of dismissal without prejudice. *Compare* Original Federal Action, D.E. 21 *with* State Court Action, D.E. 5.

On December 5, Peloton removed the State Court Action to this Court. *See* D.E. 1.[8] On December 22, 2025, Peloton will be filing its third motion to dismiss concurrently with this motion.

---

[6] Plaintiff's counsel did not amend the complaint in the *El Sayed* Action and instead also voluntarily dismissed that action on November 7, 2025. *El Sayed* Action, D.E. 28.

[7] On November 10, 2025, Plaintiff and her counsel also commenced a separate action based on similar claims. The case is styled *Alicia Armas v. Sprouts Farmers Market, Inc.*, No. CACE-25-01-7282 and was filed in the Seventeenth Judicial Circuit in and for Broward County, Florida.

[8] A redline comparison showing the minor differences between the FAC in the Original Federal Action and the operative complaint in this action is attached as **Exhibit C**. The material differences

## III. ARGUMENT

### A. This Court Should Grant the Unopposed Request to Transfer this Matter Back to Judge Singhal for Further Proceedings, Including a Status Conference, and for Consideration of an Award of Costs Under Rule 41(d).

The Eleventh Circuit has held that "[d]istrict judges have the inherent power to transfer cases from one to another for the expeditious administration of justice." *United States v. Santiago*, No. 21-12360, 2022 WL 2048489, at *2 (11th Cir. June 7, 2022) (*citing United States v. Stone*, 411 F.2d 597, 599 (5th Cir. 1969) ("[d]istrict judges may by rule, order or consent transfer cases between themselves").

Plaintiff does not oppose this relief, and there is no reason transfer is not appropriate here. Judge Singhal was originally assigned the case now pending before this Court. If Judge Singhal is willing and able to take the case back so he can rule, then this matter should be transferred back in the interest of judicial efficiency.

Once transferred, Peloton suggests that Judge Singhal hold a status conference to determine whether to reinstate the prior briefing, with the option for each party to submit a short update addressing any additional bases for dismissal or changes in law or procedure since the original briefs were filed. This process would allow the Court to leverage existing work while ensuring the record reflects current authority.

Peloton is not waiving its request for costs and fees under Rule 41(d), as further explained below. Rather, if this case is transferred, Peloton requests that Judge Singhal consider an appropriate award—taking into account the efficiencies realized through transfer, case consolidation, and reinstatement—and then rule on appropriate Rule 41(d) remedies. This

are the venue and jurisdictional statements that were changed to reflect state court. All other information related to the claims is identical.

approach ensures that the Court addresses both judicial economy and fairness in determining costs and fees consistent with Rule 41(d).

**B. If this Court Declines the Unopposed Transfer, it Should Grant Peloton Attorney's Fees and Costs Under Rule 41(d).**

Rule 41(d) of the Federal Rules of Civil Procedure imposes financial consequences when a plaintiff voluntarily dismisses and then refiles substantially identical claims. *See, e.g.*, *USA Entm't Grp., Inc. v. City of Pompano Beach*, No. 18-CV-62740, 2019 WL 498743, at *1 (S.D. Fla. Feb. 8, 2019) (citing *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1256 n.2 (11th Cir. 2001) (acknowledging that "Rule 41(d) authorizes the district court to require a plaintiff to pay the defendant's costs of the dismissed action upon refiling of the action."). Rule 41(d) explicitly states that when a plaintiff dismisses an action and then refiles it based on the same claim against the same defendant, the court may: (1) order the plaintiff to pay all or part of the costs of that previous action and (2) stay the proceedings until the plaintiff has complied. *See Moreiras v. Scottsdale Ins. Co.*, No. 20-CV-23477, 2020 WL 7042658, at *1 (S.D. Fla. Dec. 1, 2020). Courts in the Southern District of Florida have repeatedly found that "costs" includes attorney's fees under Rule 41(d).[9] *See, e.g. Rodriguez v. W. World Ins. Co.*, No. 21-20032-CIV, 2021 WL 2666995, at *1 (S.D. Fla. May 11, 2021), *report and recommendation adopted*, No. 21-20032-CIV, 2021 WL 2661287 (S.D. Fla. June 29, 2021) (construing Rule 41(d) to permit recovery of attorney's fees and relying on case law supporting that interpretation); *MSP Recovery Claims, Series LLC v. Northland Ins. Co.*, No. 20-CV-24176, 2021 WL 3410390, at *5 (S.D. Fla. Aug. 4, 2021).

---

[9] Nationally, there is a split of authority on this question. *See Marino v. Broward Sheriff's Off.*, No. 20-60980-CIV, 2021 WL 9563808, at *1–2 (S.D. Fla. Jan. 29, 2021) (discussing Circuit split).

**1. Peloton is entitled to recover attorney's fees and costs under Rule 41(d).**

Rule 41(d) permits a defendant to seek the recovery of attorney's fees and costs if (1) the plaintiff voluntarily dismissed a prior action and (2) the plaintiff then filed a second action asserting the same claims against the same defendant. When these two elements are met, Rule 41(d) allows the Court to award part or all of the costs incurred in the dismissed litigation.

There is no dispute that Plaintiff voluntarily dismissed the Original Federal Action. *See* Original Federal Action, D.E. 46. She then promptly filed a second action asserting the same causes of action—claims virtually identical to those in the First Amended Complaint from the Original Federal Action. *Compare* Original Federal Action, D.E. 21 *with* State Court Action, D.E. 5. The First Amended Complaint and Amended State Court Complaint contain the same causes of action and arise from the same facts. *Id.*

During the parties' conferral on whether Peloton should be entitled to costs under Rule 41(d), Plaintiff stated that it will seek denial of this request based on an Eleventh Circuit case, *Sargeant v. Hall*, 951 F.3d 1280 (11th Cir. 2020). However, *Sargeant* addressed a Rule 41(d) motion filed in the same federal court that handled the dismissed action because the second case was pending in Florida state court, which lacks an equivalent to Rule 41(d). That scenario is materially different from the present case, and *Sargeant* is readily distinguishable for several reasons.

First, the court in *Sargeant* expressly stated that it did "not address whether Rule 41(d) applies where the second action is filed in state court and then successfully removed to federal court." 951 F.3d at 1283, n. 2. That is precisely the situation here and, therefore, *Sargeant* is inapplicable. Moreover, the Southern District of Florida has awarded attorney's fees and costs under Rule 41(d) after removal. In *Rodriguez & Gonzalez Invs., LLC v. Scottsdale Ins. Co.*, the

court granted the defendant's motion for costs under Rule 41(d), even though the second action was filed in state court and later removed to federal court. No. 19-25261-CIV, 2020 WL 4905437, at *1 (S.D. Fla. Mar. 3, 2020), *report and recommendation adopted*, 2020 WL 4905438 (S.D. Fla. Apr. 14, 2020). *See also Schnabel v. Lui*, 302 F.3d 1023, 1037 (9th Cir. 2002) ("When a state court action is removed to federal court, the removal is treated as if the original action had been commenced in federal court"); *Collier v. Nat'l Penn Bank*, No. CIV.A. 12-3881, 2013 WL 7157976, at *1 (E.D. Pa. Apr. 1, 2013) (holding that a federal court may award Rule 41(d) costs when the second action is properly removed to federal court); *Hosie v. Omni Hotels Mgmt. Corp.*, No. 1:22-CV-00265-MR-WCM, 2023 WL 3575575, at *2 (W.D.N.C. Apr. 18, 2023) (same). This precedent confirms that Rule 41(d) applies in removed cases and that this Court has jurisdiction to impose costs.

Second, the *Sargeant* court emphasized that Mr. Sargeant lacked a remedy in state court because Florida law does not provide a Rule 41(d) equivalent. *See* 951 F.3d at 1288. That concern does not arise here. Rule 41(d) applies because the second action is now before a federal court, and the rule does not require that the second case originate in federal court—only that the first action was dismissed and the second is currently in federal court.

In sum, Plaintiff's reliance on *Sargeant* is misplaced. The decision does not control here, and precedent confirms that this Court has jurisdiction and authority to award costs under Rule 41(d) in a removed case.

***a. Peloton incurred attorney's fees that do not carry over to this litigation.***

Peloton has incurred substantial fees generating work product that cannot be utilized in the current case. *See NF Imp. & Exp., Inc. v. VIA Mat Int'l AG*, No. 11-23371-CIV, 2012 WL 13013236,

at *1 (S.D. Fla. Sept. 25, 2012). The fees expended on the following tasks cannot be utilized in the current case and include, for example:

- A portion of the fees spent preparing the motion to dismiss Plaintiff's initial complaint with prejudice. *See* D.E. 18, 22.
- Fees spent preparing and negotiating the joint scheduling report. *See* D.E. 26.
- Fees and costs spent on Defendant's Motion to Appear *Pro Hac Vice*, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing. *See* D.E.27.
- A portion of the fees spent preparing Defendant's Motion to Stay and Bifurcate Discovery and the Reply in support. *See* D.E. 30, 35.
- Fees spent negotiating and filing the Joint Notice Regarding Joint Scheduling Report. *See* D.E. 32.
- Fees spent responding to discovery requests and negotiating and preparing for a hearing in response to the Notice of Discovery Dispute. *See* D.E. 40.
- A portion of the fees spent dismissing Plaintiff's First Amended Complaint, including its Reply to Plaintiff's Response in Opposition. *See* D.E. 36, 43.
- Fees spent on Defendant's Response to Motion for Leave to File Second Amended Complaint. *See* D.E. 44.
- Fees and costs spent on Defendant's Notice of Removal and Notice of Filing Notice of Removal to Federal Court. *See* D.E. 1 and Case No. CACE-25-017154, D.E. 6.

The recovery of such expenses is clearly contemplated by Rule 41(d) and should be awarded in this case. *See, e.g.*, *Brigati v. Worcester Polytechnic Inst.*, No. 21-14098-CV, 2021 WL 5088732, at *9 (S.D. Fla. Oct. 19, 2021) (addressing non-transferable motion practice and concluding that defendant's motion to strike plaintiff's second amended complaint in the prior action was neither transferable nor useful in the present case.).

### 2. Equity, Deterrence, and Judicial Efficiency Strongly Support an Award of Attorney's Fees and Other Costs to Peloton.

The purpose of Rule 41(d) is to "serve as a deterrent to forum shopping and vexatious litigation." *Sargeant,* 951 F.3d at 1287 (citations omitted). Courts have broad discretion when

deciding whether to award fees and costs in situations where a plaintiff dismisses and refiles claims in a separate action against the same defendant. *See Pontenberg*, 252 F.3d at 1256 n. 2, 1260.

The Court need not find that a plaintiff acted in bad faith or with an improper motive to award costs. *See USA Entm't Grp.*, 2019 WL 498743, at *2 (rejecting argument that bad faith is required to award attorney's fees pursuant to Rule 41). The Court may also consider the prejudice to the defendant. *See NF Imp. & Exp., Inc.*, 2012 WL 13013236, at *1 ("the essential question is whether the circumstances of the case warrant an award to prevent prejudice to the defendant."); *see also Groom v. Bank of America*, No. 8:08-CV-2567-T-27EAJ, 2010 WL 627564, at *1 (M.D. Fla. Feb. 23, 2010) ("Rule 41(d) expressly contemplates the prejudicial impact on a defendant when a plaintiff dismisses and re-files against that defendant.").

*Brigati* illustrates Rule 41's purpose and demonstrates why an award of fees and costs is appropriate. In that case, the plaintiffs filed multiple amended complaints over eight months, forcing defendants to brief several motions to dismiss each complaint before the case was voluntarily dismissed. *See* 2021 WL 5085418, at *3. The *Brigati* court found that substantial work had been performed in the first action and awarded reasonable attorney's fees and costs. *Id.* at *6.

Plaintiff's strategic dismissal and refiling have wasted Peloton's resources—including those expended leading up to Plaintiff's sudden voluntary dismissal—and caused real, measurable prejudice to Peloton by forcing it to incur additional fees and costs, while also impairing its ability to bring this matter to a conclusion, in contravention of Rule 1. Moreover, there is no valid or non-prejudicial reason why experienced counsel, known for being prolific filers of TCPA/FTSA claims, would attempt to file three complaints in the Original Federal Action, dismiss that case **two days** after Peloton filed an opposition and a reply brief, and then file a substantially identical complaint in a separate action shortly after, and Plaintiff has not identified any. An award of fees is warranted

both to deter this forum manipulation and to compensate Peloton for the costs incurred in the prior litigation that cannot be carried over to this litigation.

**3. The Court should stay proceedings pending Plaintiff's payment.**

Rule 41(d)(2) provides that a court "may stay the proceedings" until the costs are paid, and courts have routinely entered stays pending a plaintiff's full compliance with a Rule 41(d) award. *See, e.g.*, *MSP Recovery*, 2021 WL 3410390, at *5 (S.D. Fla. Aug. 4, 2021) (ordering payment by the plaintiff and allowing defendants to renew their motion to stay if the plaintiff failed to make full payment); *Groom*, 2010 WL 627564, at *6–7, 9 (reaffirming Rule 41(d)'s purpose and holding that staying the action until payment of costs and attorney's fees was appropriate). *See also Esposito v. Piatrowski*, 223 F.3d 497, 499–500 (7th Cir. 2000) (affirming the district court's stay and subsequent dismissal for failure to pay Rule 41(d) costs); *Tsukerman v. W. Cmty. Unit Sch. Dist. No. 12*, 796 Fed. App'x. 312, 313 (7th Cir. 2020) (same).

In this case, this Court should exercise its discretion to enter a stay under Rule 41(d). A stay would encourage Plaintiff to carefully evaluate her case to determine whether she should proceed and would prevent her from avoiding payment and ultimately dismissing this matter in the future, all while forcing Peloton to expend additional unnecessary resources.

To be clear, this matter does not have merit, including due to recent changes in the law that Plaintiff is now well on notice of. If Plaintiff truly believes otherwise, then she—or, more realistically, her counsel—can pay the fee award to avoid the stay.

## IV. CONCLUSION

For the foregoing reasons, Peloton respectfully requests that the Court transfer this duplicative matter back to Judge Singhal for further proceedings, including consideration of costs under Federal Rule of Civil Procedure 41(d). In the alternative, Peloton requests that the Court: (i) order Plaintiff to pay all costs and attorney's fees incurred by Peloton in defending the previously

dismissed federal action and to stay this action pending Plaintiff's payment of such costs and fees under Rule 41(d); and (ii) grant such further relief as the Court deems just and proper.

## CERTIFICATE OF CONFERRAL

Undersigned counsel hereby certifies that counsel to Peloton conferred via email with counsel for Plaintiff on December 22, 2025 regarding this Motion. Plaintiff's counsel does not oppose transferring this case to Judge Singhal for further proceedings, but opposes the remaining relief sought. During the conferral, counsel for Plaintiff demanded that Peloton inform the Court that "we advised you of the following binding precedent: *Sargeant v. Hall*, Case No. 18-15205 (11th Cir. March 2, 2020)." As explained above, that decision is inapplicable to a refiled case that has been removed to federal court and is distinguishable for multiple reasons.

Dated: December 22, 2025

Respectfully submitted,

**K&L GATES LLP**

*/s/ Jonathan B. Morton*

Jonathan B. Morton
Florida Bar No. 956872
Mallory M. Cooney
Florida Bar No. 125659
Jonathan.Morton@klgates.com
Mallory.Cooney@klgates.com
200 S. Biscayne Boulevard, Ste. 3900
Miami, FL 33131-2399
Telephone: 305-539-3300

Joseph Wylie *(Pro Hac Vice Pending)*
Illinois Bar No. 6270852
Joseph.wylie@klgates.com
70 W. Madison St., Suite 3100
Chicago, IL 60602
Telephone: 312-372-1121

***Attorneys for Defendant,***
***Peloton Interactive, Inc.***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record on this 22nd day of December 2025.

*/s/ Jonathan B. Morton*
Jonathan B. Morton