**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 0:25-cv-62518-AHS**

**ALICIA ARMAS,**
*individually and on behalf of all*
*others similarly situated,*                                    **CLASS ACTION**

Plaintiff,                                                      **JURY TRIAL DEMANDED**

**v.**

**PELOTON INTERACTIVE, INC.,**

Defendant.

_____/

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff hereby gives notice of the following supplemental authority in support of

Plaintiff's opposition to Defendant's Motion to Dismiss: *Howard v. Repub. Nat'l Comm.*, No. 23-

3826, 2026 U.S. App. LEXIS 787, at *11 (9th Cir. Jan. 13, 2026)("We have previously held that,

under *Chevron v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), it was

'reasonable' to defer to the FCC's conclusion that the term 'call' in § 227 includes a 'text message.'

*Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).  Although we thus framed

our holding in Satterfield in terms of the then-applicable deference required to be given to the

FCC's construction, we think it is clear from Satterfield's substantive analysis that the conclusion

would be the same even in the absence of Chevron deference.  *See Loper Bright Enters. v.*

*Raimondo*, 603 U.S. 369, 412 (2024) ('Chevron is overruled.').  Satterfield emphasized two key

points about statutory construction that supported the FCC's understanding of a 'call,' see

*Satterfield*, 569 F.3d at 95354, and even under de novo review, those same two points support the

conclusion that a 'text message' constitutes a 'call' within the meaning of the TCPA."). A copy of the Order is attached as **Exhibit A**.

Dated: January 13, 2026

Respectfully submitted,

*/s/ Manuel Hiraldo*
**HIRALDO P.A.**
Manuel S. Hiraldo
Florida Bar No. 030380
*Pro hac vice*
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*COUNSEL FOR PLAINTIFF*